## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JEROMY DAVID BRAY,** | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV 07-096-JHP-KEW |
| **PONTOTOC COUNTY SHERIFF,** | ) ) ) |
| Respondent. | ) |

### OPINION AND ORDER

This matter is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, for failure to exhaust state remedies. Petitioner, an inmate currently incarcerated at the French Robertson Unit of the Texas Department of Criminal Justice in Abilene, Texas, challenges the hold placed on him with respect to two Pontotoc County cases, for which he was sentenced to two concurrent six-year sentences on August 14, 1998. He apparently is arguing that he served his Oklahoma sentences while serving his Texas sentence which began in 1998. In the alternative, he claims it was illegal for him to serve the Texas sentence before the Oklahoma sentence, because the Oklahoma convictions came first.

The Pontotoc County Assistant District Attorney states by affidavit that on August 10, 1998, petitioner entered guilty pleas in Case Nos. CF-97-276 and CF-98-128. *See* Docket #14-2. Although the Pontotoc County District Court sentenced petitioner to incarceration, he was released on his own recognizance with an agreed surrender date of August 17, 1998. Petitioner, however, never reported to serve his sentences. When the district attorney's office learned in 2003 that petitioner was ready to be released from custody in Texas, a hold was

placed on him. According to the Assistant District Attorney, his office wants to have petitioner brought to Oklahoma, so he can begin serving the Pontotoc County sentences. The Assistant District Attorney further asserts there was no agreement or discussion that petitioner's Oklahoma sentences could be served in Texas.

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). "A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)). "In order to fully exhaust state court remedies, a state's highest court must have had the opportunity to review the claim raised in the federal habeas petition." *Bear v. Boone*, 173 F.3d 782, 785 (10th Cir. 1999) (citations omitted).

Petitioner admits he has not presented his claim to any Oklahoma court and claims he is unable to access the Oklahoma courts. He fails to explain, however, why he cannot file by mail a petition for a writ of mandamus in the Pontotoc County District Court, pursuant to Okla. Stat. tit. 12, § 1451, to challenge the Oklahoma detainers. If the state district court were to deny the mandamus petition, petitioner then could appeal to the Oklahoma Court of Criminal Appeals.[1]

**ACCORDINGLY,** the respondent's motion to dismiss for failure to exhaust state remedies [Docket #13] is GRANTED, and this action is, in all respects, DISMISSED

---

[1] To the extent petitioner is alleging he is denied access to the courts, that claim is not cognizable in a federal habeas corpus petition. He must raise claims of denial of access to the courts through a civil rights complaint, pursuant to 42 U.S.C. § 1983, in the district in which he is incarcerated.

WITHOUT PREJUDICE.

**IT IS SO ORDERED** this 11th day of August 2008.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma